# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

'08 MJ 1576

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Magistrate Docket No. _____ |
| | ) Case No. _____ |
| Plaintiff, | ) |
| | ) COMPLAINT FOR VIOLATION OF: |
| v. | ) Title 8 USC, Section 1326 |
| | ) |
| Jesus HERNANDEZ-Munoz | ) |
| | ) Deported Alien Found in the United States |
| | ) |
| | ) (Felony) |
| | ) |
| Defendant, | ) |

The undersigned complainant, being duly sworn, states:

On or about May 17, 2008, within the Southern District of California, Defendant **Jesus HERNANDEZ-Munoz**, an alien, who previously had been excluded, deported and removed from the United States to Mexico, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
Special Agent Michael Bateman
U.S. Immigration & Customs Enforcement

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 20th DAY OF May, 2008.

_____
Honorable Anthony J. Battaglia
U.S. Magistrate Judge

# STATEMENT OF FACTS

I, Special Agent (S/A) Michael Bateman, U.S. Immigration & Customs Enforcement ("ICE"), declare under penalty of perjury, the following is true and correct:

On May 17, 2008, Oceanside Police Officer Weese and I encountered Jesus HERNANDEZ-Munoz within the city of San Marcos, California. Shortly after this encounter, I conducted a check of records maintained by the U.S. Department of Homeland Security. These records revealed that HERNANDEZ is a native and citizen of Mexico who was ordered removed by an immigration judge and subsequently removed from the United States to Mexico. I placed an immigration hold on HERNANDEZ which resulted in his release to ICE on the morning of May 19, 2008.

At approximately 10:40 a.m. on the morning of May 19, 2008, HERNANDEZ was advised about his constitutional rights per "Miranda". When asked if he understood these rights, he responded in the affirmative. He again responded in the affirmative when asked if he was willing to answer questions at that time. During the interview that followed, HERNANDEZ claimed to be a citizen of Mexico born in Durango, Mexico. He further admitted to having been deported previously and to having recently re-entered the United States in a mountainous area on the Southern California border. He denied having sought or received permission to lawfully return to the United States after being deported.

I reviewed documents from the Defendant's alien file including form I-205/Warrant of Deportation/Removal. This form documents the Defendant's physical removal from the United States on November 20, 2006 through the port at San Ysidro, California. Upon this form is a photograph of the Defendant and his right index fingerprint. An immigration judge's order of removal dated March 31, 1998, was also in the Defendant's alien file along with a form I-213 (Report of Deportable/Inadmissible Alien) that identifies the Defendant as a native and citizen of Mexico. Automated records reviewed by the complainant are consistent with the Defendant's alien file.

A review of the records maintained by the U.S. Department of Homeland Security yields no evidence that the HERNANDEZ has applied for or been granted permission to lawfully return to the United States after deportation.